IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

| | | |
|---|---|---|
| ARMANDO MALDONADO JAIMES | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Case 1:26-cv-00325-JB-KRS |
| | ) | |
| PAMELA BONDI, *Attorney General of the* | ) | |
| *United States*; TODD LYONS, *Acting Director* | ) | |
| *of Immigration and Customs Enforcement*; | ) | |
| GEORGE DEDOS, *Warden of Cibola County* | ) | |
| *Correctional Center*, and MARY DE ANDA | ) | |
| YBARRA, *Field Office Director of El Paso* | ) | |
| *Field Office, U.S. Immigration and Customs* | ) | |
| *Enforcement*, | ) | |
| | ) | |
| Respondents.[1] | ) | |

## <u>ORDER TO ANSWER AND ENJOINING TRANSFER OUT OF STATE</u>

THIS MATTER is before the Court *sua sponte*.[2] On February 9, 2026, Petitioner Armando Maldonado Jaimes's ("Petitioner") filed his Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2241 ("Petition"). (Doc. 1). Petitioner is a citizen of Venezuela who is currently detained at the Cibola County Correctional Center, in Milan New Mexico. *See* (Doc. 1 at 6-8). Petitioner states he and his wife were granted humanitarian parole and released into the United States on November 14, 2024. (*Id.* at 6). Subsequently, Petitioner received an I-94, Record of Admission, and federal Employment Authorization under category C 11 (parole), valid through November 13, 2026. (*Id.*)

---

[1] The Court adds the above-mentioned parties as additional Respondents in this case. *See Lowmaster v. Dir., Bureau of Prisons*, 2024 WL 5135970, at *1 (D. Kan. Dec. 17, 2024) ("the Court notes that it routinely substitutes the" proper parties as "respondent in habeas cases"); *Danderson v. Page*, 2024 WL 3913051, at *2 (E.D. Okla. Aug. 20, 2024) (substituting the proper party respondent in a habeas case).

[2] The Honorable James O. Browning referred this case to me "to conduct hearings, if warranted, including evidentiary hearings, and to perform any legal analysis required to recommend to the Court an ultimate disposition of the case," as authorized by 28 U.S.C. §§ 636(b)(1)(B), (b)(3), and *Va. Beach Fed. Sav. & Loan Ass'n v. Wood*, 901 F.2d 849 (10th Cir. 1990). (Doc. 5).

On November 11, 2025, Petitioner formally filed for asylum. (*Id.*) Petitioner states he has complied with all reporting requirements and has no criminal record in the United States or any other country. (*Id.* at 7). On January 10, 2026, United States Immigration and Customs Enforcement ("ICE") arrested Petitioner in Minnesota, where Petitioner resided upon being paroled into the country. (*Id.*). Petitioner alleges ICE agents did not present him with a warrant for his arrest, a notice that his parole was revoked, or any other justification for his arrest. (*Id.*) Petitioner challenges his continued immigration detention on the ground that Respondents violated his due process rights by erroneously revoking his parole and failing to comply with 8 C.F.R. § 212.5(c). (*Id.* at 8-18). Petitioner seeks an order directing Respondents to immediately release him, or, in the alternative, provide him with an immediate hearing before an Immigration Judge. (*Id.* at 21). He further requests an order preventing his transfer out of this District during the pendency of his Petition. (*Id.*)

Having conducted an initial review of the Petition, the Court finds the Petition raises a colorable challenge to detention. Petitioner filed his Petition under § 2241 challenging his detention by ICE. The Court may apply the § 2254 habeas rules to this § 2241 petition.[3] *See* § 2254

---

[3] Petitioner also requests the Court to issue an order directing Respondents to show cause pursuant to § 2243 why his Petition should not be granted within three (3) days. (Doc. 1 at 21). The Court hereby denies Petitioner's request. The Court has repeatedly explained why it has declined to do so in other cases, which the Court incorporates herein. *See e.g.*, Order to Answer, *Torres Pineda v. Bondi*, Doc. 3, 1:26-cv-150 KWR-JHR (D.N.M. Jan. 28, 2026). In short, multiple circuit courts of appeals have held that in § 2241 cases district courts may apply Habeas Rule 4 to supersede the timeline requirements of § 2243. *See Bramson v. Winn*, 136 F. App'x 380, 382 (1st Cir. 2005) (allowing district court in its discretion to apply § 2254 habeas rules to § 2241 petitions) (citing Rule 1(b) of the Rules Governing § 2254 Cases). The First Circuit concluded that a district court may apply the § 2254 Habeas Rule 4 to § 2241 petitions and supersede § 2243's timeline requirements. *Bramson*, 136 F. App'x at 382. The Tenth Circuit found no abuse of discretion when a district court did the same as to a § 2241 petition. *Bradin v. Thomas*, 823 F. App'x 648, 656-57 (10th Cir. Aug. 13, 2020) (unpublished) (as to § 2241 petition, finding no abuse of discretion in the district court's ruling that "28 U.S.C. § 2243's time limit for filing an answer is subordinate to Habeas Rule 4, which contains no fixed time requirement but instead gives district courts considerable discretion in setting deadlines for responses to habeas petitions"). In this case, the Court requires an adequate record from Respondents. Based on the Court's experience, written briefing and a record produced within three days of this order would likely be inadequate for the Court to issue an adequate, thorough, and timely decision. The Court has expedited these § 2241 immigration habeas cases over other civil cases pursuant to 28 U.S.C. § 1657 and attempts to rule immediately once briefing is complete. However,

Habeas Rules, Rule 1(b) ("The district court **may apply any or all** of these rules to a habeas corpus petition not covered by Rule 1(a)") (emphasis added). Moreover, the Court may apply the Federal Rules of Civil Procedure, to the extent they are not inconsistent with the habeas rules. § 2254 Habeas Rules, Rule 12.

Generally, Respondents need not answer a habeas petition until the Court has ordered an answer. § 2254 Habeas Rules, Rule 4. Habeas Rule 4 grants a district judge discretion to set a time for Respondents to answer or otherwise respond to the habeas petition. *Id.* ("If the petition is not dismissed, the judge must order the respondent to file an answer, motion, or other response within a fixed time, or to take other action the judge may order.").

Having reviewed the Petition, the court concludes that the claims must be resolved on a full record, including an answer from Respondents. The Clerk's Office has electronically served a copy of the Petition on all federal respondents by Notice of Electronic Filing ("NEF") using the Case Management and Electronic Case Filing ("CM/ECF") system. *See* (Doc. 2). Therefore, the United States Attorney's Office ("USAO") shall answer the Petition within **ten (10) business days** of **entry** of this Order and show cause why the relief requested should not be granted. *See* Habeas Rules 1(b), 4 (courts have discretion to set a time for respondents to answer a habeas petition). Petitioner may file an optional reply within **ten (10) business days** after the answer brief is filed.

If the USAO declines to timely respond, the Court may enter a separate order directing the Immigration Court to conduct an immediate hearing in accordance with its prior rulings on this issue. To preserve jurisdiction, the Court will grant Petitioner's request for an order preventing his transfer out of the District of New Mexico. If a final removal order is entered, the USAO can ask

---

the Court sees no reason to expedite this habeas petition over the numerous other habeas petitioners also asserting a deprivation of their liberty interest. The Court therefore finds good cause to order an answer within 10 business days.

the Court to lift the injunction.

**IT IS THEREFORE ORDERED** that:

1.  The United States Attorney's Office must answer the Petition within ten (10) business days of entry of this Order and show cause why the requested relief should not be granted;

2.  If Petitioner wishes to file an optional reply, he must do so within ten (10) business days after Respondents' response is filed;

3.  The Government is enjoined from transferring Petitioner from the District of New Mexico while these proceedings remain pending, absent express written authorization from this Court; and

4.  The Clerk's Office shall add the additional party Respondents set forth in the caption of this Order to the docket of this case.

**IT IS SO ORDERED** this 9th day of March, 2026.

_____
KEVIN R. SWEAZEA
UNITED STATES MAGISTRATE JUDGE